UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETER V. WAGNER,

    Plaintiff,

v.

THE FISHING COMPANY OF ALASKA, INC., *et al.*,

    Defendants.

Case No. C06-1634RSL

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

# I. INTRODUCTION

This matter comes before the Court on "Plaintiff's Motion to Compel Discovery Responses" (Dkt. #45). After plaintiff filed his motion, defendant Solomon Kamson ("defendant") served responses to plaintiff's "First Interrogatories and Requests for Production," and as a result, the dispute over plaintiff's discovery requests has been substantially narrowed. See Response; Dkt. #52 (McIvor Decl.) at Ex. A. In his reply, plaintiff now seeks "meaningful answers to Interrogatories Nos. 5 and 6 and responsive documents to Requests for Production Nos. 4, 5, 7 and 23." See Reply at 3. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

# II. DISCUSSION

1. Plaintiff's Interrogatory No. 5 states: "Please specifically describe all symptoms you

ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S MOTION TO COMPEL - 1

noted in Mr. Wagner which demonstrated that an endoscopic decompressive microdiscectomy at L2/L3 was medically indicated for Mr. Wagner as of August 1, 2006." Dkt. #52, Ex. A. Defendant answered: "Dr. Kamson's examination, diagnosis and treatment of plaintiff Wagner was the subject of testimony in Dr. Kamson's deposition. Further, the entire patient record for Dr. Kamson's treatment of plaintiff Wagner was produced to counsel in October 2007." Id.

Federal Rule of Civil Procedure 33 governs interrogatories, and requires that each interrogatory "be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Rule 33 provides only one exception where a party may refer to outside material in lieu of answering the interrogatory:

> Option to Produce Business Records. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d). This exception has been narrowly interpreted, however, and in circumstances that do not strictly involve "business records," federal courts have generally refused to allow parties to answer interrogatories by referring to outside material. See Cont'l Illinois Nat'l Bank & Trust Co. v. Caton, 136 F.R.D. 682, 687 (D. Kan. 1991) (stating that Rule 33(d) "applies to 'business records' from which raw data and facts can be discovered. The rule does not mention deposition transcripts, documents or writings that were generated, or discovered, respectively, during the course of prior discovery in the same case, only portions of which may be relevant to the issues for trial.") (emphasis in original); see also Scaife v. Boenne, 191 F.R.D. 590, 594 (N.D. Ind. 2000) ("It is well established that an answer to an interrogatory must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without

ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S MOTION TO COMPEL - 2

1 an elaborate comparison of answers.") (citation and quotation marks omitted); <u>Starlight Int'l,
2 Inc. v. Herlihy</u>, 186 F.R.D. 626, 640 ("A party may not properly answer an interrogatory by
3 referring generically to testimony given upon deposition. Incorporation by reference to a
4 deposition is not a responsive answer.") (citation and quotation marks omitted).

Based on this persuasive authority, the Court finds that defendant's response to Interrogatory No. 5, which generically references his deposition testimony and plaintiff's patient record produced during the course of prior discovery in this case, is deficient. Accordingly, defendant is ordered to supplement his response and produce the information requested by Interrogatory No. 5 to plaintiff.

2. Plaintiff's Interrogatory No. 6 asks defendant to "provide the date you first noted each symptom listed in response to Interrogatory No. 5." Dkt. #52, Ex. A. Defendant responded: "Dr. Kamson's examination, diagnosis and treatment of plaintiff Wagner was the subject of testimony in Dr. Kamson's deposition. Further, the entire patient record for Dr. Kamson's treatment of plaintiff Wagner was produced to counsel in October 2007." <u>Id.</u> The Court finds that this response is deficient for the same reason defendant's response to Interrogatory No. 5 is deficient. Accordingly, defendant is ordered to supplement his response and produce the information requested by Interrogatory No. 6 to plaintiff.

3. Plaintiff's Request for Production ("RFP") No. 4 asks for "all documents that support, relate to or corroborate your response to the preceding interrogatory [No. 5]." Dkt. #52, Ex. A. In response, defendant stated: "<u>See</u> transcript of Dr. Kamson's deposition, taken February 26, 2008; and Dr. Kamson's patient record for his treatment of plaintiff Wagner." <u>Id.</u> The Court finds that given the nature of the document request, defendant sufficiently responded to RFP No. 4. However, if defendant's supplemental response to Interrogatory No. 5 as ordered above requires more than simply defendant's patient record to "support, relate to or corroborate" the supplemental response, defendant shall produce the additional responsive documents.

4. Plaintiff's RFP No. 5 asks for "all documents that support, relate to or corroborate

ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S MOTION TO COMPEL - 3

your response to the preceding interrogatory [No. 6]." Dkt. #52, Ex. A. In response, defendant stated: "See Dr. Kamson's patient record for his treatment of plaintiff Wagner, produced to counsel in October 2007." Id. The Court finds that given the nature of the document request, defendant sufficiently responded to RFP No. 5. However, if defendant's supplemental response to Interrogatory No. 6 as ordered above requires more than simply defendant's patient record to "support, relate to or corroborate" the supplemental response, defendant shall produce the additional responsive documents.

5. Plaintiff's RFP No. 7 asks for "all documents that support, relate to or corroborate your response to the preceding interrogatory [No. 8.]." Dkt. #52, Ex. A. In response, defendant stated: "See attached. This is a partial response, and it will be supplemented." Id. The Court finds that because defendant conceded this was an incomplete response, the Court orders defendant to produce the additional responsive documents.

6. Plaintiff's RFP No. 23 asks for "all documents that support, relate to or corroborate your response to the preceding interrogatory [No. 25]." Dkt. #52, Ex. A. In response, defendant stated: "Dr. Kamson will produce copies of any responsive documents located." The Court finds that this is an incomplete and evasive response because plaintiff does not know whether any responsive documents exist, or whether defendant has just failed to search for the documents. Accordingly, defendant is ordered to either produce the requested documents, or state that no responsive documents have been discovered after conducting a diligent search to locate them.

7. Having granted plaintiff's motion to compel in part, the Court now must determine whether to grant plaintiff's request for attorney's fees. See Reply at 3 ("Mr. Wagner requests that the Court award Plaintiff attorney's fees and costs incurred in drafting this motion[.]"). Under Fed. R. Civ. P. 37(a)(5):

> If the motion [for an order compelling disclosure or discovery] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that

ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S MOTION TO COMPEL - 4

conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

In this case, given that the Court granted the majority of plaintiff's requested relief, and the fact that defendant served his substantive responses to plaintiff's "First Interrogatories and Requests for Production" after plaintiff filed his motion, the Court concludes that an award of attorney's fees and costs is warranted.

### III.  CONCLUSION

For the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART "Plaintiff's Motion to Compel Discovery Responses" (Dkt. #45).  All responses required from defendant under this Order shall be provided to plaintiff no later than <u>10 days from the date of this Order</u>.  Based on the Court's conclusion above that an award of attorney's fees is appropriate, plaintiff shall, within 10 days from the date of this order, submit an application for fees and costs not to exceed 4 pages, excluding exhibits and declarations.  Defendant may file an opposition to this application, not to exceed 4 pages, excluding exhibits and declarations, within 10 days from the date of plaintiff's application.  Both sides should refrain from personal attacks in these pleadings.  No other filings shall be permitted.

DATED this 18th day of July, 2008.

*signature*

Robert S. Lasnik
United States District Judge