UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETER V. WAGNER,

    Plaintiff,

v.

THE FISHING COMPANY OF ALASKA, INC., *et al.*,

    Defendants.

Case No. C06-1634RSL

ORDER GRANTING PLAINTIFF'S MOTION TO RELINQUISH SUPPLEMENTAL JURISDICTION

This matter comes before the Court on "Plaintiff's Motion to Relinquish Supplemental Jurisdiction." Dkt. # 81. Plaintiff recently settled his unseaworthiness, Jones Act, and maintenance and cure claims against the ship on which he was injured (the F/V ALASKA VICTORY) and the shipowner (The Fishing Company of Alaska). He now requests that the Court decline to exercise supplemental jurisdiction over the battery, Consumer Protection Act, negligence, informed consent, and respondeat superior claims plaintiff had asserted against defendants Kamson and Washington Spine Diagnostics Center, PLLC (collectively, "the Kamson defendants"). The Kamson defendants oppose the request, arguing that the Court has original jurisdiction over plaintiff's remaining claims or, in the alternative, that considerations of economy, convenience, and fairness require that the Court hear the remaining claims.

Contrary to the Kamson defendants' primary argument, the Court's jurisdiction to

hear the claims asserted against them arises under 28 U.S.C. § 1367.  See First Amended Complaint (Dkt. # 11) at ¶ 2.3 ("The court has jurisdiction over Mr. Wagner's claims against Dr. Kamson pursuant to 28 U.S.C. § 1367."); The Fishing Company's Cross-Claim (Dkt. # 31) at ¶ 1 ("This court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1367."); Kamson Defendants' Answer to Cross-Claims (Dkt. # 33) at ¶ 1 ("Answering paragraph 1 of the Cross-Claims, the Kamson defendants admit that the jurisdictional and procedural basis for the Cross-Claims are properly alleged.").  Even if plaintiff had attempted to assert admiralty jurisdiction over his medical malpractice claims, the conduct and activities in which the Kamson defendants allegedly engaged are not sufficiently related to traditional maritime activities to trigger admiralty jurisdiction.  See, e.g., Sisson v. Ruby, 497 U.S. 358, 362 (1990).

Under 29 U.S.C. § 1367(c), the Court has wide discretion in determining whether to decline to exercise supplemental jurisdiction over state claims after the federal claims have been dismissed.  Although discovery has been completed and a motion for summary judgment is pending, the remaining state law claims involve medical malpractice, informed consent, and Consumer Protection Act claims which, as a matter of efficiency, convenience, and comity, should be resolved by the state courts.  Not only do these claims raise purely state law issues, but there are other cases currently pending against the Kamson defendants in state court that involve similar claims.  The Court therefore declines to exercise its supplemental jurisdiction.  The parties may take steps to expedite the subsequent state court action by jointly petitioning the state court for an expedited trial schedule.

//
//
//
//
//

ORDER GRANTING PLAINTIFF'S MOTION
TO RELINQUISH SUPPLEMENTAL JURISDICTION - 2

1   For all of the foregoing reasons, this matter is hereby DISMISSED.  The Court
2   will take no further action on the pending motions.

        Dated this 30th day of September, 2008.

                            /s/ Robert S. Lasnik
                            Robert S. Lasnik
                            United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION
TO RELINQUISH SUPPLEMENTAL JURISDICTION - 3